UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MARY R. MAYFIELD | CIVIL ACTION NO. 15-2374 |
| VERSUS | JUDGE ELIZABETH FOOTE |
| DESOTO PARISH POLICE JURY, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is Defendant Gary Evans' Motion To Dismiss Plaintiff's First Amended Complaint. Record Document 22. Plaintiff filed this suit against the Desoto Parish Police Jury ("DPPJ"), Police Jury President Reggie Roe ("Roe"), Police Jury Administrator Steve Brown ("Brown"), and District Attorney Evans ("Evans"), alleging various employment-related claims on the basis of discriminatory and retaliatory events. Record Document 19. Defendant Evans moves to dismiss Plaintiff's claims against him under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

For the reasons discussed below, the Motion To Dismiss [Record Document 22] is **GRANTED.** Plaintiff's civil conspiracy and § 1981 retaliation claims against Evans are **dismissed without prejudice;** her claims against Evans under Title VII for hostile work environment, retaliation and constructive discharge are **dismissed with prejudice.**

### I. Background

Plaintiff Mary Mayfield, who is a white woman, worked for the DPPJ as the Executive Director of the Office of Community Services. Record Document 19, p. 5.

Plaintiff alleges that, at work, Roe and Brown tried to show Plaintiff pictures of naked women and commented on those women to Plaintiff. Id., p. 6. Plaintiff filed a human resources complaint about the incident. Id., p. 7. Nevertheless, Roe and Brown allegedly continued their harassment. Id., p. 8. A few months later, Evans, whom Plaintiff alleges is friends with Roe, called her into his office and "went on a tirade," yelling about the programs she administered. Id., p. 11. She says he got offensive, saying that "those mother fucking blacks...get all the free shit already" and that the DPPJ would not fund more programs like hers. Id. The specifics of what happened next are unclear. Plaintiff apparently learned that her subordinates were told by Brown that she would be taking time off, and then the DPPJ asked Plaintiff to return her work cell phone and the keys to her office, and the DPPJ announced the appointment of an "Interim" Executive Director. Id., p. 15. Plaintiff eventually resigned. Id., p. 17.

In Plaintiff's original complaint, she set out these events along with a lengthy list of federal statutes, state statutes, federal constitutional provisions and state constitutional provisions she alleged had been violated by the Defendants' conduct. Record Document 1. Plaintiff did not, however, state which claims were alleged against which Defendants and under which provisions of law. Id. The Court granted Plaintiff leave to amend her complaint to sort out her claims. Record Document 16. Plaintiff's subsequently filed First Amended Complaint identifies claims against each Defendant, although Plaintiff still does not always clearly state under which statute or constitutional provision each claim is brought. Record Document 19.

## II. Discussion

### A. Standard of Review

In order to survive a motion to dismiss brought under Rule 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. The court must accept as true all of the factual allegations in the complaint in determining whether plaintiff has stated a plausible claim. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2009). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

### B. Civil Conspiracy

Plaintiff's first claim against Evans is civil conspiracy. This claim is apparently brought under 42 U.S.C. § 1985 and an unspecified "State Law." Record Document 19, p. 16. Section 1985 has three subsections. Plaintiff does not identify the subsection under which her claim is brought. Subsection (1) prohibits conspiracy to prevent an official from performing her duty, subsection (2) prohibits conspiracy to obstruct justice or intimidate a party, witness, or juror, and subsection (3) prohibits conspiracy to deprive a person of certain civil rights. Suttles v. United States Post Office, 927 F. Supp.

990, 1000 (S.D. Tex. 1996). Plaintiff's claim appears to be brought under subsection (3). Record Document 19, p. 23 ("Evans...deprive[d] plaintiff of her constitutionally protected civil rights.").

Evans does not specifically address the civil conspiracy, instead arguing that as to the civil conspiracy, hostile environment, and retaliation claims, he cannot be liable because he was not Plaintiff's employer within the meaning of Title VII. Record Document 22-1, p. 9. However, § 1985 has no employment relationship requirement, and so this argument is inapposite.

In order to state a claim for a conspiracy under § 1985(3), a plaintiff must allege "(1) a conspiracy involving two or more persons, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States," and (5) that the conspiracy was motivated by some class-based animus. Hilliard v. Ferguson, 30 F.3d 649, 652-53 (5th Cir. 1994). Section 1985 does not create rights, it is merely a mechanism for enforcing federal rights defined elsewhere. Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 376 (1979). Plaintiff must identify what defined federal right was allegedly violated. She does not do so, instead asserting only that the Defendants acted to "deprive plaintiff of her constitutionally protected civil rights." Record Document 19, p. 23. The Constitution protects many civil rights. Plaintiff must identify a particular one. She cannot simply state the elements of civil conspiracy and leave it to the Court to assess which right best fits the facts. "Threadbare recitals of

the elements of a cause of action...do not suffice." Iqbal, 556 U.S. at 678. Because Plaintiff has offered only a threadbare recital of the elements of a conspiracy, her claim must be dismissed.

### C. Hostile Environment

Plaintiff's second claim against Defendant Evans is a hostile environment claim. This claim appears to be brought under Title VII as an allegation that Evans created a hostile environment with his offensive and derogatory remarks about black people. Record Document 25-1, p. 17.

Title VII permits suit by an employee against her employer for discrimination. 42 U.S.C. § 2000e-2 et seq. Title VII defines "employer" as a "person engaged in an industry affecting commerce who has fifteen or more employees..." § 2000e(b). Assuming, as the Court must at this stage, that Plaintiff's allegations are true, Evans' commentary is troubling, but it is not sufficient to state a claim for a hostile environment under Title VII. Plaintiff herself concedes that "the First Amended Complaint does not allege that Evans was plaintiff's employer." Record Document 25-1, p. 9. Since Plaintiff agrees that Evans was not her employer, she can state no claim against him under Title VII. Plaintiff claims, without citation, that it is sufficient that Evans was the "agent, official and representative" of the DPPJ. Id. This is not the requirement of Title VII. Plaintiff's hostile environment claim must be dismissed.

### D. Retaliation

Plaintiff's third claim against Evans is that he retaliated against her, making a "threat to her livelihood and scathing personal denunciation." Record Document 19, p.

24. This appears to be a claim that Evans' "tirade" against Plaintiff was retaliation for her sexual harassment claim against Roe and Brown. She conflates her claims somewhat by arguing that such retaliation should "subject him to liability as part of the conspiracy and agreement to force plaintiff to resign or be constructively discharged," although she separately alleges conspiracy and constructive discharge. Id.

To the extent that Plaintiff's retaliation claim is brought under Title VII, it fails for the same reason as the hostile environment claim: Plaintiff does not allege that Evans is her employer, a requirement for any claim under Title VII.

To the extent that Plaintiff's retaliation claim is brought under 42 U.S.C. § 1981, such a claim is cognizable. CBOCS West, Inc. v. Humphries, 553 U.S. 442, 446 (2008). Section 1981 prohibits racial discrimination in contracting, including "retaliation against an individual who has attempted to vindicate another's § 1981 rights." Zastrow v. Houston Auto Imports Greenway Ltd., 789 F.3d 553, 563 (5th Cir. 2015). However, "non-employment retaliation claims under § 1981 are exceedingly rare." Id. at 564. In order to prove § 1981 retaliation, a plaintiff must show: (1) she engaged in activity protected by § 1981, (2) she was subjected to an adverse employment action, and (3) there is a causal link between the protected activity and the adverse action. Id. For example, in Zastrow, a mechanic was fired by a car dealership after he testified on behalf of a couple claiming that the car sold to them by the dealership was defective, and also alleging claims of fraud and racial discrimination in the sale. Id. at 558. The Fifth Circuit held that the mechanic's testimony on behalf of the couple was the sort of conduct protected by § 1981's prohibition on retaliation. Id. at 563.

Plaintiff's claim fails on the first prong. She has alleged no activity she engaged in that was an attempt to vindicate another's rights. Plaintiff's claim is that Evans' statements to her constituted racial discrimination against her clients, but she alleges no actions she took in an attempt to vindicate any of those clients' rights. Record Document 19, p. 12. Plaintiff states no activity she engaged in related to Evans' "tirade" at all. Therefore, her retaliation claim must be dismissed.

### E. Constructive Discharge

Plaintiff's final federal claim against Evans is titled "constructive discharge." Record Document 19, p. 24. Although Plaintiff does not identify under what statute this claim is brought, it appears to be a claim that Evans' conduct created a hostile work environment that caused Plaintiff's constructive discharge. Constructive discharge occurs when an employer "makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation." Jurgens v. E.E.O.C., 903 F.2d 386, 390 (5th Cir. 1990). Constructive discharge is not itself a stand-alone cause of action, it is an element of a Title VII claim. See Penn. State Police v. Suders, 542 U.S. 129, 143 (2004) (describing one type of Title VII hostile environment claim as "harassment that culminates in a tangible employment action"). Constructive discharge is the tangible employment action element of the claim, not the claim itself. Plaintiff alleges that Evans created a hostile work environment which resulted in her constructive discharge. This is a single claim under Title VII for a hostile work environment. Because constructive discharge is not a stand-alone claim, and because the Court has already established above that Evans is not Plaintiff's employer under

Title VII and therefore cannot be liable for a hostile work environment, this claim must be dismissed.

### F. State Law Claims

Finally, to the extent that any of Plaintiff's claims are alleged under parallel state laws, the Court, having dismissed all federal claims, declines to exercise supplemental jurisdiction over the state claims. 28 U.S.C. § 1367(c).

## III. Conclusion

For the reasons stated above, Defendant Gary Evans' Motion to Dismiss is **GRANTED.** Plaintiff's civil conspiracy claim and her § 1981 retaliation claim against Evans are **dismissed without prejudice;** her claims against Evans under Title VII for hostile work environment, retaliation and constructive discharge are **dismissed with prejudice.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 5th day of December, 2016. 2017

_____
Elizabeth Erny Foote
United States District Judge