# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| MARY R. MAYFIELD | CIVIL ACTION NO. 15-2374 |
| VERSUS | JUDGE ELIZABETH FOOTE |
| DESOTO PARISH POLICE JURY, ET AL. | MAGISTRATE JUDGE HORNSBY |

## **MEMORANDUM ORDER**

Before the Court is Plaintiff Mary Mayfield's motion for reconsideration, in which she asks this Court to overturn its previous order dismissing all claims against Defendant Gary Evans ("Evans"). Record Document 28. For the reasons discussed below, Plaintiff's motion is **DENIED**.

Plaintiff alleged claims against Evans for civil conspiracy, retaliation under § 1981, and hostile work environment, retaliation, and constructive discharge under Title VII on the basis of discriminatory and retaliatory events at her job. Record Document 19. The Court dismissed all of Plaintiff's claims against Evans under Rule 12(b)(6) for failure to state a claim. Record Document 26. Plaintiff then filed this motion, seeking to vacate the order of the Court, and requesting "reconsideration, rehearing, new trial and/or to alter and amend the ruling of February 6, 2017." Record Document 28, p. 1.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration, per se. See St. Paul Mercury Ins. Co. v. Fair Grounds Corp., 123 F.3d 336, 339 (5th Cir. 1997). However, such motions are typically treated as motions to alter or amend a judgment pursuant to Rule 59(e) or 60. Rules 59 and 60 apply only to

final judgments, and this case seeks reconsideration of the grant of a motion to dismiss as to only one defendant, which is considered an interlocutory order and not a final judgment. See United States v. Woodward, 257 F.2d 805 (5th Cir. 1958) (holding that order granting motion to dismiss one of two defendants was interlocutory). Instead, Rule 54(b) controls. Cabral v. Brennan, — F. 3d —, 2017 WL 1314928 (5th Cir. Apr. 10, 2017) ("Because the order granting partial summary judgment was interlocutory, the court should have analyzed the motion for reconsideration under Rule 54(b) instead of Rule 59(e), which applies to final judgments.").

Rule 54(b) provides that, in a case involving multiple claims or multiple parties, any order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties...may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." Austin v. Kroger Texas, L.P., 2017 WL 1379453, at *9 (5th Cir. Apr. 14, 2017). Thus, the Rule 54(b) standard "is typically held to be less exacting than would be a motion under Rule 59(e), which is in turn less exacting than the standards enunciated in Rule 60(b). Though less exacting, courts have looked to the kinds of consideration under those rules for guidance." Livingston Downs Racing Ass'n v. Jefferson Downs Corp., 259 F.Supp.2d 471, 475 (M.D. La. 2002).

"Reconsideration of a judgment after its entry is an extraordinary remedy that

should be used sparingly." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). Motions for reconsideration are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Id. A motion for reconsideration should not be used to advance arguments already presented or relitigate matters that have been resolved, albeit to the moving party's dissatisfaction. S. Snow Mfg. Co. v. SnoWizard Holdings, Inc., 921 F. Supp. 2d 548, 566 (E.D. La. 2013) ("When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.").

After a thorough review of the motion for reconsideration, the complaint, and the original briefs on the motion to dismiss, the Court declines to reconsider its previous order. Plaintiff plainly filed this motion purely because she disagrees with the Court's order, not because there is any new or overlooked legal or factual basis for deciding the issues. She merely presents the same legal and factual arguments upon which she relied in her opposition briefs to the defendant's motion to dismiss and rehashes the same allegations the Court has already considered and rejected as insufficient to state a claim. Accordingly, **IT IS ORDERED** that Plaintiff's motion for reconsideration [Record Document 28] be and hereby is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 24th day of May, 2017.

Elizabeth Erny Foote
United States District Judge