MARY R. MAYFIELD                      CIVIL ACTION NO. 15-cv-2374

VERSUS                                JUDGE FOOTE

DESOTO PARISH POLICE JURY, ET AL      MAGISTRATE JUDGE HORNSBY


**MEMORANDUM ORDER**

**Introduction**

Plaintiff, Mary Mayfield, is a former employee of the DeSoto Parish Police Jury.  She filed this action under Title VII and 42 U.S.C. § 1983 seeking declaratory relief, injunctive relief, and damages "to address the deprivation of her rights from employment discrimination on the basis of sex and in retaliation against her for the exercise of her rights in connection with and in opposition to the unlawful discrimination practices perpetuated against her by defendants, their agents or employees."  Doc. 41, ¶ 2.  Plaintiff claims she suffered "enormous" emotional distress and mental anguish as a result of Defendants' actions.  Doc. 41, ¶52.  Plaintiff further alleges she has been unable to sleep, suffers from extreme stress and depression, and is under the care of a physician.  Id. ¶ 66.

**The Discovery Disputes**

Before the court are two related discovery disputes:  First, the court was asked to conduct an *in-camera* review of cell phone recordings made by Plaintiff (and transcripts of most of those recordings) of conversations involving Plaintiff, Defendants, and other

employees of the police jury (Docs. 58 and 59) to determine if production should be ordered. Second, a Motion to Compel was filed seeking production of those recordings and transcripts, as well as medical records regarding any prior medical treatment of Plaintiff. Doc. 61.

The undersigned has now completed the *in-camera* review and concludes that the recordings and transcripts must be produced immediately to Defendants. The court likewise finds that Plaintiff's prior treatment history is relevant to her claims, so the motion to compel production of prior medical records is granted.

**Law and Analysis**

Defendants argue that Plaintiff surreptitiously recorded the conversations on her official police jury cell phone before her resignation. According to Plaintiff, almost every conversation concerned a work-related topic at some point during the recording. Plaintiff's brief states that she has "testified under oath that she recorded the conversations and discussions in anticipation of litigation on the cell phone issued to her by the police jury when she began to experience a hostile work environment and retaliatory treatment ... ." Doc. 63 at p. 3.

Plaintiff makes a number of arguments regarding why she should not have to produce the recordings and transcripts. First, she argues that Defendants already have the recordings. Plaintiff says the recordings were on the police jury's cell phone, and she returned the phone to the police jury shortly before this lawsuit was filed. Second, Plaintiff argues that the recordings and transcripts are protected work product, because she recorded the

conversations and discussions in anticipation of litigation. Third, Plaintiff argues that the recordings are exempt from discovery because she intends to use them solely for impeachment.

None of these arguments is persuasive. First, even if the recorded conversations are still on the police jury's cell phone, which Defendants deny, Defendants are entitled to Plaintiff's copies of the recording, as well as the transcripts, for verification purposes. Some or all of the recordings on the cell phone may have been deleted, either intentionally or inadvertently.

Second, the recordings do not qualify as work product. In <u>Williams v. Gunderson Rail Services</u>, 2008 WL 145251 (W.D. La.), U.S. Magistrate Judge Karen L. Hayes granted a motion to compel the production of audio tapes containing conversations between plaintiff and several of his co-employees. Judge Hayes held that the plaintiff's clandestine recording of the conversations vitiated the work product privilege. Therefore, the tapes were discoverable.

The issue was again addressed in this district in <u>Griffin v. Javeler Marine Services</u>, 2016 WL 1559170 (W.D. La.). U.S. Magistrate Judge Patrick J. Hanna granted a motion to compel directing plaintiff to provide copies of recorded statements taken by plaintiff of defendant's employees without their knowledge. Citing <u>Williams</u>, <u>supra</u>, Judge Hanna found that the act of surreptitiously taping the conversations vitiated the work product immunity.

Third, the recordings contain the statements of Defendants and other potential witnesses. Fed. R. Civ. P. 26(b)(3)(C) provides that a party or other person may, on request,

obtain the person's own previous statement about the case or its subject matter if (i) the statement is a written statement that the person has signed or otherwise adopted or approved; or (ii) the statement is a contemporaneous stenographic, mechanical, electrical, or other recording—or a transcription of it—that recites substantially verbatim the person's oral statement. Rule 26(B)(3)(c) is mandatory, not discretionary. <u>Samsung Electronics v. Yang Kun Chung</u>, 2017 WL 896897 (M.D. Tex.). The rule does not bend to the discretion of the trial court. <u>Id</u>.

Here, the information submitted to the court strongly suggests that Defendants' employees did not know that Plaintiff was recording the conversations at issue. Accordingly, the analysis and conclusions in <u>Williams</u> and <u>Griffin</u> fit the circumstances of this case. Accordingly, Plaintiff is directed to turn over all recordings and transcripts immediately to Defendants. Plaintiff is not allowed to withhold production pending completion of Defendants' depositions.

**Medical Records**

Plaintiff has squarely put her mental health at issue. Therefore, Defendants are entitled to Plaintiff's medical records before and after Plaintiff's resignation. The court will limit the time period for prior medical treatment to no more than five years preceding the date of Plaintiff's resignation. Within seven days of this order, Plaintiff is ordered to provide a complete list of all healthcare providers that she saw during that period of time up to present. Within that same deadline, Plaintiff is also ordered to provide signed HIPAA releases so that Defendants may obtain Plaintiff's records from each of those treaters. Defendants are

ordered to provide copies of all medical records they receive, as they are received, to counsel for Plaintiff.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 12th day of September, 2017.

Mark L. Hornsby
U.S. Magistrate Judge